UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

MANMOHIT SINGH,

Petitioner,

v.

BRISON SWEARINGEN Clay County, IN Sheriff and Warden, Clay County Jail, *et al.*,

Respondents.

No. 2:26-cv-00540-JPH-MJD

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Manmohit Singh's petition for a writ of habeas corpus seeks release from the Clay County Jail, where he is detained at the direction of U.S. Immigration and Customs Enforcement (ICE). The Court **grants** Mr. Singh's petition and orders Respondents to either afford him a bond hearing or release him from custody.

**I. Facts**

Mr. Singh is an Indian citizen and national. Dkt. 6-1 at 1. He entered the United States without inspection in 2022 and was apprehended by Border Patrol agents. *Id.* He was released on his own recognizance. *Id.* at 11.

ICE officers took Mr. Singh into custody and initiated a removal proceeding in July 2026 when he reported for an immigration appointment. *Id.* at 6. He remains in ICE custody and has neither received nor requested a bond hearing.

## II. Analysis

The parties agree that Mr. Singh's detention is authorized by 8 U.S.C. § 1226(a) as interpreted by *Cirrus Rojas v. Olson*, 183 F.4th 909 (7th Cir. 2026). They further agree that Mr. Singh is entitled to an administrative bond hearing in the immigration court. Dkt. 6 at 1–2; dkt. 7 at 8–9. The parties dispute only whether Mr. Singh must formally request a bond hearing in the immigration court, *see* dkt. 6 at 2–3, or whether the Court should order the respondents to hold a bond hearing without first requiring Mr. Singh to request one, *see* dkt. 7 at 5–6.

In previous cases, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance before *Cirrus Rojas* that bond was not legally available to detainees in Mr. Singh's position. *See Choudhary v. Swearingen, et al.*, No. 2:26-cv-00041-JPH-MG, 2026 WL 205513, *2 (S.D. Ind. Jan. 26, 2026). Given that the Seventh Circuit only issued *Cirrus Rojas* after this litigation began, the Court will not impose an exhaustion requirement now and will instead order Respondents to schedule a bond hearing or release Mr. Singh.

## III. Conclusion

The petition for a writ of habeas corpus is granted insofar as Respondents will have **ten days**[1] to either (1) provide Mr. Singh with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its

[1] The parties may extend this deadline by agreement without need for further action by the Court.

regulations or (2) release him from detention under reasonable conditions of supervision. Respondents must notify Mr. Singh's counsel of the setting of any bond hearing. Respondents must file documentation certifying that they have either provided the bond hearing or released Mr. Singh within **two days** after the hearing or his release, whichever is applicable.

The petition is **denied** to the extent it seeks immediate release.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 10/22/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRISON SWEARINGEN
611 East Jackson Street
Brazil, IN 4783

Parvinder Kaur Nijjar
DOJ-USAO
parvinder.nijjar@usdoj.gov

Preetkamal Singh
Singh Law Firm PLLC
singhlawfirmpllc@gmail.com